IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1111-GPG
**JERRY D. CARTER**,

    Plaintiff,

v.

**EL PASO COUNTY SHERIFF DEPT.;**
**LUGO, Deputy,**

    Defendants.

## ORDER TO DISMISS

Plaintiff, Jerry D. Carter, currently is in custody in the Colorado Mental Health Institute at Pueblo (CMHIP).  He was transferred there from the El Paso County Sheriff's Department sometime earlier this year.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff has been granted leave to proceed pursuant to § 1915 (ECF No. 4).

On June 11, 2015, Magistrate Judge Gordon P. Gallagher issued an order to Mr. Carter directing him to show cause, in writing, within thirty (30) days, why the Complaint and this action should not be dismissed for failure to state a claim upon which releif may be granted under 42 U.S.C. § 1983 (ECF No. 5).  Plaintiff has not responded to the Order to Show Cause.

### A. Mandatory Screening and Standards of Review

In 1996, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs.  Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Creamer v. Kelly*, 599 F. App'x 336 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted.") (internal quotation and citation mitted).

In addition, 28 U.S.C. § 1915A, entitled "Screening," requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 4). Moreover, Defendants are employees of a governmental entity. In addition, he is complaining about the conditions of his confinement. Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S.

2

41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp.*, 550 U.S. at 555. When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted). Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id. Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend. *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

### B. Plaintiff's Allegations

Plaintiff claims that a few days prior to January 16, 2015, he was incarcerated at the El Paso County Sheriff's Department prior to his transfer to the CMHIP. He claims that Deputy Lugo at the El Paso County Sheriff Department pushed him roughly in the back. He alleges that he was injured but does not identify what injuries he sustained.

For the reasons stated below, the Complaint and the action will be dismissed pursuant to screening authority set forth above. The pertinent grounds which will result in the dismissal are addressed below. An appropriate order follows.

### C. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986).

In the case at bar, Plaintiff claims that Deputy Lugo pushed him roughly in the back. He states that he was injured but does not identify what injuries he sustained. The use of excessive physical force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Id.* at 6. As the Court made clear in *Hudson*, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id*. (internal quotation marks omitted). Thus, even if a use of force is deemed

unnecessary after the fact; if it was both *de minimis* and "not of a sort repugnant to the conscience of mankind," it will not sustain an excessive force claim. *Id*. at 10 (internal quotation marks omitted).

In the instant case, the force allegedly used against Mr. Carter appears to be both *de minimis* and not of a nature that is repugnant to mankind. *See, e.g., De Walt v. Carter*, 224 F.3d 607, 610–11 (7th Cir. 2000) (holding that shoving a prisoner into a doorframe, which resulted in bruising on his back, did not state a constitutional violation; *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that bumping, grabbing, elbowing, and pushing a prisoner was "not sufficiently serious or harmful to reach constitutional dimensions."); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation).

While this Court does not condone unnecessary uses of force by prison guards, Mr. Carter's allegations of *de minimis* force simply fall short of what is required to establish a constitutional violation. Thus, accepting Plaintiff's allegations as true, he fails to assert a constitutionally protected right. Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A and/or 42 U.S.C. § 1997e(c). It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this    30th    day of July, 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court